IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michelle R. Ruther | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| Loyola University Medical Center, | ) |
| an Illinois corporation | ) |
| | ) JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff, Michelle R. Ruther (hereinafter "Ms. Ruther") by and through her attorneys, Russell J. Heitz of the Law Offices of Heitz & Bromberek, Ltd., complains of the Defendant, Loyola University Medical Center, an Illinois corporation (hereinafter "Loyola") as follows:

**Nature of the Action**

1. This case concerns alleged retaliation and interference in violation of the Family and Medical Leave Act of 1993, ("FMLA") alleged discrimination on the basis of disability and/or perception of disability and/or record of disability, all in violation of the Americans with Disabilities Act of 1990 ("ADA") as amended.

**Parties**

2. At all times relevant hereto, the Plaintiff, Ms. Ruther, was a citizen of the United States of America, residing in Will County, Illinois.

3. At all times relevant hereto, Loyola was an Illinois corporation doing business in Cook County, Illinois.

## Jurisdiction and Venue

4. The incidents giving rise to this Complaint occurred in the Village of Maywood, County of Cook, Illinois.

5. This Count has jurisdiction under §107(a)(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. 2617(a)(2)] §107(a) of the Americans with Disabilities Act of 1990 as amended [42 U.S.C. 12117(a)] (incorporating §706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. §2000(e)-5(f)(3)]), §§1331 and 1343 of the Judicial Code [28 U.S.C. §§1331 and 1343].

6. Venue is proper under 28U.S.C. §1391(b) as all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

## Common Factual Allegations

7. Ms. Ruther was first employed by Loyola in July, 2004.

8. Ms. Ruther was an excellent employee who was ultimately promoted in August of 2010 to the position of "Manager of ER Department".

9. For her performance reviews received in October of 2010 and 2011, Ms. Ruther received an "Exceeds" performance rating for both years.

10. In 2012, Ms. Ruther was working approximately 80 hours per week, managing approximately 100 people, and traveling extensively.

10. In 2012, Ms. Ruther was earning significantly more money than her husband, was raising three children and was experiencing marital difficulties.

11. On July 30, 2012, Loyola received an anonymous notification informing them of Ms. Ruther's July 26, 2012 arrest based upon allegations of driving under the influence and damage to property; Ms. Ruther was later found to be not guilty on all charges.

12. Based upon this anonymous letter, a meeting was held on August 3, 2012 between Ms. Ruther, Carolyn Nelson, Human Resources Director, Paula Hindle, Chief Nurse Executive, and Mike Jarotkiewicz, Vice President of Health Care Services, in which Ms. Ruther expressed unusual and unprecedented stress. In this meeting, the Loyola employees first suggested that she take leave pursuant to FMLA **SO THAT HER JOB WOULD BE PROTECTED WHILE THEY COMPLETED THEIR INVESTIGATION INTO THE ANONYMOUS LETTER;** there were no performance issues discussed in this meeting.

13. Ms. Ruther accepted Loyola's recommendation and began her disability and FMLA leave as of August 3rd, 2012.

14. Unusual for a temporary health leave at Loyola, the Loyola employees confiscated Ms. Ruther's ID badge, parking pass and keys to her office at the conclusion of the August 3rd, 2012 meeting.

15. Through the month of August, 2012, Ms. Ruther made multiple attempts to contact Loyola HR to discuss the status of her leave and status of their "investigation"; no one responded to Ms. Ruther's inquiries.

3

16. The week of August 27th, 2012, Ms. Ruther did make contact with Loyola and informed them she had her doctor's authorization indicating she could return to work on September 5th, 2012 without any restrictions and Ms. Ruther expressed her intention on coming back to work on September 5th, 2012.

17. Loyola directed Ms. Ruther for the first time that she was required to meet with the Employee Assistance Program ("EAP") before returning to work and that Loyola unilaterally would put a request in for an extension of Ms. Ruther's FMLA leave.

18. On September 3rd, 2012 Ms. Ruther received a phone call from Jan Reich at Loyola regarding the need to set up an EAP meeting because anyone who has been out on FMLA and in treatment needed to come to the EAP for further discussion.

19. On September 20th, 2012 a meeting took place with Ms. Carolyn Nelson and Jan Reich in which Ms. Ruther was informed she was fired from her Manager of ER Department position at Loyola based upon various issues with her performance arising prior to taking leave on August 3rd, 2012.

20. All of the issues Loyola brought up on September 20, 2012 were of the nature that required formal disciplinary action, a chance to rectify the performance issues and generally progressive discipline pursuant to Loyola's policies instead of being fired.

21. Additionally, in 2012 there was absolutely no written or oral discussion of any performance issues of Ms. Ruther prior to her taking leave on August 3rd, 2012.

4

22. Without any discussion of Ms. Ruther's health condition, Loyola concluded it was not "comfortable" with placing her into her former position and that "patient care could have been compromised" and there could be "profound ramifications on patient care."

**COUNT I – VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993**

1-22 Ms. Ruther restates and realleges Paragraphs 1 through 22 above as Paragraphs 1 through 22 of this Count I.

23. At all times relevant to this Complaint, Loyola was an "employer" within the definition of §101(4)(A) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(4)(A)].

24. At all times relevant to this Complaint, Ms. Ruther was an "eligible employee" within the definition of §101(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(2)].

25. Loyola, by refusing to return Ms. Ruther to her Manager of ER Department position upon return from her August 3, 2012 leave, retaliated against Ms. Ruther and/or discriminated against her for her exercise of her rights under the Family and Medical Leave Act of 1993, in violation of the anti-interference and anti-discrimination provisions of §105(a) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2615(a)], and/or the Department of Labor's anti-retaliation and anti-discrimination regulation [29 C.F.R.§825.220], and/or of the Department of Labor's fitness-for-duty regulation [29 C.F.R. §825.312].

26. As a proximate result of this retaliation, Ms. Ruther suffered the damages alleged.

**WHEREFORE**, Plaintiff Ms. Ruther prays for judgment in her favor and against Loyola as follows:

    a.    Wages, employment benefits, educational benefits, and other compensation lost to her as a result of Loyola's interference and/or retaliation against her in violation of the Family and Medical Leave Act of 1993;

    b.    Prejudgment interest at the prevailing rate from the date she was interfered and/or retaliated against to the date of judgment on the award of wages, employment benefits, and other compensation lost to her as a result of Loyola's interference and/or retaliation against her in violation of the Family and Medical Leave Act of 1993;

    c.    Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to her as a result of Loyola's retaliation against her in violation of the Family and Medical Leave Act of 1993;

    d.    Reasonable attorneys' fees and the costs and expenses of this action; and

    e.    Such other relief as this Court deems just.

## **COUNT II – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

1-22    Ms. Ruther restates and realleges Paragraphs 1 through 22 above as Paragraphs 1 through 22 of this Count II.

23. Instead of placing Ms. Ruther back into the management position she was employed prior to her August 3rd, 2012 leave, Loyola heaped financial stress upon Ms. Ruther by requiring her to remain on unpaid leave when she was ready, willing and able to return to work on September 5th, 2012.

24. After October 1st, 2012 there were sporadic discussions about returning Ms. Ruther to a non-management position despite Ms. Ruther's desire to return to her old position (which remained open) or a comparable management position that would keep her on the fast upward career track at Loyola.

25. During this time, Loyola dragged its feet in finding a position for Ms. Ruther, misrepresented a position that Ms. Ruther was going to accept at Gottlieb Hospital and yet insisted that prior to becoming reemployed at any position at Loyola, Ms. Ruther would have to participate in the EAP program and that she would have to sign a "Return to Work Agreement."

26 Finally, on or about January 7th, 2013, Ms. Ruther accepted a "Utilization Review RN" position that was not comparable to the job she was fired from as there was significantly less pay, less benefits and she was off the fast upward career track at Loyola that previously had Ms. Ruther rapidly ascending to a Director and then a Chief Nurse Officer position.

27. As a condition to new employment in the Utilization Review RN position, Loyola maintained its unusual insistence that Ms. Ruther had to sign the "Return to Work Agreement" which possessed stringent EAP requirements. (The January 7th, 2013 Return to Work Agreement is attached hereto and made a part hereof as Exhibit "A").

28. The EAP requirements were unusual as Loyola policy usually requires such an EAP for employees who have been caught drinking or using drugs on the job versus Loyola's belief that Ms. Ruther was abusing alcohol outside of work.

29. Furthermore, since Ms. Ruther's leave began there was absolutely no interactive process or inquiry into the reasons for her leave or whether any accommodation was needed for any type of disability, whether intermittent leave may be required in the future, or whether Ms. Ruther had a serious health condition.

30. While participation in the EAP was curiously required by Loyola, Ms. Ruther never felt it was needed in part because she has been alcohol free from July, 2012 through the date of filing of this Complaint.

31. Loyola is an "employer" within the definition of §101(5) of the Americans with Disabilities Act of 1990, as amended [42 U.S.C.§12111(5)].

32. Ms. Ruther is an "employee" of Loyola within the definition of §101(4) of the Americans with Disabilities Act of 1990, as amended [42 U.S.C.§12111(4)] and a "qualified individual with a disability" within the definition of §101(8) of the Americans with Disabilities Act of 1990, as amended [42 U.S.C.§12111(8)].

33. The ADA Amendments Act of 2008 (ADAAA) applies to Ms. Ruther's ADA claims, because Ms. Ruther's disability and defendant's actions and omissions giving rise to those claims took place in 2012. Pub. L. 110-325, §8, 122 Stat. 3553 (Sep. 25, 2008), codified at *e.g.,* 42U.S.C.§12101 (Note).

34. Under the ADAAA, a "major life activity" includes sleeping and this was a problem for Ms. Ruther in July/August, 2012.

35. Ms. Ruther has fulfilled all conditions precedent to bringing this ADA claim. Her Charge of Discrimination filed with the Equal Employment Opportunity Commission and her Notice of Right to Sue on that Charge that was mailed on April 22, 2014 and received after July 22, 2014 is attached hereto as Group Exhibit "B".

36. Loyola, by terminating Ms. Ruther from her Manager of ER Department position, discriminated and/or retaliated against Ms. Ruther on the basis of her disability and/or perceived disability and/or record of disability.

37. As a proximate result of this disability discrimination and/or retaliation, Ms. Ruther lost wages, lost employee benefits, and suffered mental, emotional and financial distress.

**WHEREFORE**, Plaintiff Ms. Ruther prays for judgment in her favor and against Loyola as follows:

    a. Back pay, employment benefits, and other compensation lost as a result of Loyola's discriminating and/or retaliating against her in violation of the Americans with Disabilities Act, as amended;

    b. Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost as a result of Loyola's discriminating and/or retaliating against her in violation of the Americans with Disabilities Act, as amended;

    c.      Compensatory damages for the harm she suffered as a result of Loyola's discriminating against her in violation of the Americans with Disabilities Act, as amended;

    d.      Reasonable attorneys' fees, expert witness fees, expenses, and costs of this action; and of prior administrative actions; and,

    e.      Such other relief as this Court deems just.

### Jury Demand

Ms. Ruther hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims.

                Respectfully submitted,

                MICHELLE R. RUTHER

                By:    s/Russell J. Heitz_____
                            One of Her Attorneys

Russell J. Heitz (ARDC #06201289)
HEITZ & BROMBEREK, LTD.
300 East 5th Avenue, Suite 380
Naperville, Illinois 60563
630-355-1458